IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RACEREDI MOTORSPORTS, LLC,

   Plaintiff

v.     CIVIL NO. JKB-11-1309

ROUSH & YATES RACING ENGINES, LLC,

   Defendant

**MEMORANDUM & ORDER**

Raceredi Motorsports, LLC ("Plaintiff") brought this suit against Roush & Yates Racing Engines, LLC ("Defendant") for alleged breach of contract, *quantum meruit*, unjust enrichment, and breach of express and implied warranties. Plaintiff now moves for leave to amend its complaint to include a count of fraud in the inducement. The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 24) is DENIED.

**I. BACKGROUND**

Plaintiff is an organization that races sports cars in the National Hot Rod Association ("NHRA") Pro Stock Races. Defendant is a provider and servicer of high-performance car engines. This case arises out of an alleged contract between Plaintiff and Defendant in which Defendant agreed to design and lease to Plaintiff a number of customized engines to be used in the 2010 NHRA Pro Stock races. Plaintiff alleges that it paid Defendant the contract price of $600,000, but that Defendant failed to deliver the engines. The complaint asserts causes of

1

action for breach of contract, *quantum meruit*, unjust enrichment, and breach of express and implied warranties. Plaintiff now seeks leave to amend the complaint to include a cause of action for fraud in the inducement.

The factual allegations on which Plaintiff bases its putative fraud claim are these. According to Plaintiff, Defendant's CEO, Doug Yates, contacted a member of Plaintiff's organization, Virginia Humphreys, in November of 2009 to propose a lease agreement for custom designed engines. Yates allegedly told Humphreys that "[Plaintiff] would qualify in the top eight in the 2010 NHRA Pro Stock races using [Defendant's] customized engines" and that "[Defendant] would provide the customized engines by the third race of the season." (Prop. Am. Compl. ¶ 11-12). Plaintiff's proposed amended complaint adds allegations that Yates' representations were false, that Yates knew them to be false, that Yates had no intention of honoring them, that he made them for the purpose of defrauding Plaintiff, that Plaintiff relied on the representations and had a right to rely on them, and that its reliance on the misrepresentations, including the payment of the contract price, the purchase of new cars, and the retention of a public relations representative, resulted in the loss of $1,044,000. (*Id* at ¶ 14-18, 80). The amended complaint also adds some non-substantive changes to the wording of the existing allegations, such as inserting the names of individuals already referenced and stating that Plaintiff acted in reliance on Defendant's alleged representations in addition to the lease agreement.

## II.     LEGAL STANDARD

Leave to amend a complaint should be "freely give[n] where justice so requires." Fed. R. Civ. P. 15(a)(2). But, a district court may deny leave if the amendment would prejudice the opposing party, if the moving party has acted in bad faith, or if the amendment would be futile.

*Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). If a district court chooses to deny leave, it must give justifying reasons. *See id* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

## III. ANALYSIS

Defendant opposes Plaintiff's motion for leave to amend on the grounds that the proposed amendment would be futile because Plaintiff's fraud claim fails to meet the pleading standards of Fed. R. Civ. P. 9(b). The Court agrees.

Rule 9(b) requires a party claiming fraud or mistake to plead with particularity 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' " *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1297 (2d ed.1990)). Further, although the rule allows conditions of mind, such as intent or knowledge, to be alleged generally, the plaintiff must still meet minimum pleading standards by alleging "specific facts" supporting an inference of fraudulent intent. *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 385 (4th Cir. 2003).

Plaintiff's amended complaint alleges no facts whatsoever that support an inference that Defendant made representations that it knew or should have known to be false or that it otherwise harbored any fraudulent intent. Instead, Plaintiff merely lists the allegedly false statements (without explaining why they were false) and then cursorily recites the elements of a cause of action for fraud. Although these allegations specifically identify the *who*, *what*, *when*, and *where* of the alleged fraud, Plaintiff's conclusory statements regarding Defendant's knowledge and intent do not meet even the liberal pleading standards of Rule 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955, 1964-65 (2007) (viable complaint

3

"requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do.") Plaintiff's proposed fraud claim is therefore futile and, for that reason, the Court will not allow it. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Plaintiff is, of course, free to make any non-substantive changes it pleases to the wording of the existing claims.

## IV. ORDER

Accordingly, it is ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 24) is GRANTED IN PART and DENIED IN PART as follows:

(1) The motion is DENIED as to paragraphs 14-19 and 74-80; and

(2) The motion is GRANTED as to any other non-substantive changes in the wording of the existing allegations.

Dated this 2nd day of December, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge